OA 91   Criminal Complaint

# United States District Court

NORTHERN DISTRICT OF CALIFORNIA

FILED
MAR 19 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
ANTONIO DURAN-PEREZ and DANIEL DURAN-PEREZ

CRIMINAL COMPLAINT     WDB

Case Number: 4-08-70155

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about March 14, 2008 (Date) in Contra Costa County, in the Northern District of California defendant(s) did,

(Track Statutory Language of Offense)

knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine, and conspire to possess with intent to distribute and to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine,

in violation of Title 21 United States Code, Section(s) 841(a)(1) and 846.

I further state that I am a(n) Special Agent for the Federal Bureau of Investigation and that this complaint is based on the following facts:

See attached affidavit.

NO BAIL ARREST WARRANT REQUESTED.

Continued on the attached sheet and made a part hereof:     ☒ Yes   ☐ No

Approved As To Form: James C. Mann
AUSA

Nitiana Doss, Special Agent
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

March 19, 2008
Date

at San Francisco, California
City and State

Honorable Joseph C. Spero     U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

Document No.
District Court
Criminal Case Processing

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Nitiana Doss, Special Agent of the Federal Bureau of Investigation, being duly sworn, hereby declare as follows:

## I. INTRODUCTION

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI") and have been so employed since August 2005. Currently I am assigned to the Violent Crimes and Major Offender Squad at the Oakland Resident Agency, San Francisco Field Office, where my responsibilities involve the investigation of gangs and narcotics. During my tenure in the FBI, I have been involved in numerous investigations of gang-related narcotics traffickers. Several of the investigations have involved gangs and narcotics traffickers in the area of Pittsburg-Bay Point, California. I have participated in physical and electronic surveillance, undercover narcotics transactions, executed search warrants, and reviewed recorded conversations of drug traffickers. As a federal agent, I am authorized to investigate violations of the laws of the United States and am a law enforcement officer with authority to execute warrants issued under the authority of the United States.

## II. PURPOSE OF THIS AFFIDAVIT

2. This affidavit is being submitted in support of a criminal complaint and arrest warrants charging ANTONIO DURAN-PEREZ ("ANTONIO") and DANIEL DURAN-PEREZ ("DANIEL"), with possession with intent to distribute methamphetamine and conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

3. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrants, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that, on or about March 14, 2008, ANTONIO DURAN-PEREZ and DANIEL DURAN-PEREZ knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and conspired to

possess with intent to distribute and to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The statements contained in this affidavit are based on information provided to me by law enforcement officers as well as my training, experience, and knowledge of this investigation.

### III. PROBABLE CAUSE

#### A. Cooperating Source

4. On March 14, 2008, I, and other agents and detectives, participated in the arrest of an individual ("Cooperating Source" or "CS") for distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The CS has been charged with one violation of 21 U.S.C. § 841(a)(1) in a federal criminal complaint. After his/her arrest, the CS began cooperating with the FBI and the Concord Police Department ("CPD"). No promises have been made to the CS regarding a reduced sentence, but he/she has been told that his/her efforts would be detailed to the United States Attorney's Office. The CS has been told that he/she should expect to be charged for additional crimes he/she committed prior to his/her cooperation. The CS is not being paid for his/her cooperation. I believe the CS is cooperating in hopes of receiving a lesser sentence in connection with the pending criminal complaint and narcotics investigation.

5. On March 10, 2008, I examined the CS' criminal history. The history includes a 1988 felony conviction for the transportation or sale of a controlled substance, and a 2001 felony conviction for manufacturing controlled substances and possession of a controlled substance for sale. The CS has also been arrested for forgery, battery, and narcotics-related offenses.

#### C. Background Information Provided By The CS

6. From my review of reports and discussions with Special Agent Doug Hunt of the FBI and Detective Shawn Spencer of the CPD, I understand the following:

   a. Following his/her arrest on or about March 14, 2008, the CS was interviewed by Special Agent Hunt and Detective Spencer of the CPD. The CS told Special Agent Hunt and Detective Spencer that he/she has been purchasing methamphetamine from an individual known to him/her as "CAVALLO" for approximately the last six months. The CS

estimated that he/she has purchased methamphetamine from CAVALLO well over 20 times during that time period. The CS stated that he/she has purchased ounce-quantities of methamphetamine and pound-quantities of methamphetamine from CAVALLO. The largest quantity of methamphetamine the CS has purchased from CAVALLO is two pounds. The CS indicated that CAVALLO had very good quality methamphetamine. The CS has paid between $18,000 and $18,300 for a pound of methamphetamine from CAVALLO.

        b.       The CS further explained that, in his/her previous dealings with CAVALLO, CAVALLO has delivered the methamphetamine himself or sent others to deliver the methamphetamine. The CS said that, most recently, two Hispanic males delivered the methamphetamine to the CS. On all but one occasion, the methamphetamine was delivered to the CS' residence by the two Hispanic males. The CS stated that the men delivering the methamphetamine drove a white Volkswagen Jetta or a small, white, four-door car with a number on the back and no license plates. Sometimes the men would bring the methamphetamine into the CS' house, and other times the CS would meet the men in the front yard.

        c.       The CS indicated that typically, CAVALLO would front the methamphetamine and the CS would pay for it later. Most recently when he/she called CAVALLO, the CS would ask for "burritos" to indicate methamphetamine. The CS stated that "burritos" was code for pounds of methamphetamine.

      **D.**     **Arrest Of ANTONIO And DANIEL On March 14, 2008**

      7.       Special Agent Hunt explained to me that on or about March 14, 2008, at approximately 3:30 p.m., the CS placed a call to CAVALLO at the direction and under the supervision of Special Agent Hunt and Detective Spencer. A Hispanic male answered the CS' telephone call. The CS greeted the male and said he/she needed "two burritos." The male responded "two burritos, with beans?" The CS said: "Yes, for sure." The Hispanic male agreed, then said he would see the CS "there" in approximately 15 minutes. The CS told Special Agent Hunt that based on past transactions he/she understood "there" to mean the CS' residence and "two burritos" to be code for two pounds of methamphetamine.

3

8. From my review of police reports and discussions with Special Agent Hunt and Detective Spencer, I understand the following:

    a. Approximately 35 minutes after the telephone call between the CS and the Hispanic male, Special Agent Hunt observed a white Hyundai Elantra ("Hyundai") approaching the CS' residence. The CS, who was with Special Agent Hunt, identified the Hyundai as the car previously used by the Hispanic males to deliver methamphetamine to the CS' house. The Hyundai was occupied by two Hispanic males. Officers from the CPD executed a traffic stop on the Hyundai; Officer Sansen of the CPD identified ANTONIO as the driver of the Hyundai and DANIEL as the passenger. ANTONIO and DANIEL were detained while a narcotics-certified dog searched the Hyundai. The dog alerted on the glove box-area of Hyundai.

    b. Officer Jim Nielson of the CPD searched the glove box-area of the Hyundai and recovered two packages of suspected methamphetamine in a compartment concealed between the firewall and the glove box. The packages weighed approximately 446.8 grams and 454.1 grams respectively. Detective Spencer conducted a NIK field test on the packages of suspected methamphetamine; the substance contained in the packages tested positive for methamphetamine.

    c. Officer Sansen of the CPD searched DANIEL incident to his arrest and found $1,665.00 on his person in all dominations from $1 bills to $100 bills.

9. On March 17, 2008, I reviewed DMV records regarding the Hyundai. The DMV records indicated that the Hyundai was registered to ANTONIO DURAN at 313 West 13th Street, Pittsburg, California.

10. Special Agent Hunt told me that, on or about March 14, 2008, he participated in interviews of ANTONIO and DANIEL following their arrests. During the interview, ANTONIO stated that he did not know about the methamphetamine contained in the Hyundai. He speculated that it must have been in the Hyundai when he purchased it. He stated that he was going to Walmart when he was arrested, and he was in the neighborhood of the CS' house because he had made some wrong turns. During his interview, DANIEL admitted that he was bringing a pound of methamphetamine to the CS when he was arrested. He intended to provide

1  two pounds of methamphetamine to the CS to allow the CS to select the pound that he/she
2  wanted. DANIEL stated that ANTONIO knew about the methamphetamine and the delivery to
3  the CS. DANIEL also admitted that he was the Hispanic male who had answered the CS'
4  telephone call at or about 3:30 p.m. on or about March 14, 2008 when the CS called to order
5  methamphetamine.

IV. **CONCLUSION**

11. For the reasons stated above, I believe there is probable cause to believe that, on or about March 14, 2008, ANTONIO DURAN-PEREZ and DANIEL DURAN-PEREZ knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and conspired to possess with intent to distribute and to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. I respectfully request that the Court issue the requested criminal complaint and arrest warrants.

_____
Nitiana Doss
Special Agent, Federal Bureau of Investigation

Sworn to before me this
19th day of March 2008.

_____
HONORABLE JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE

5

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☑ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location: **NORTHERN DISTRICT OF CALIFORNIA**

## OFFENSE CHARGED

VIOLATIONS: 21 U.S.C. Section 841(a)(1), Possession With Intent To Distribute Meth; 21 U.S.C. Sections 841(a)(1) and 846, Conspiracy To Possess With Intent To Distribute And To Distribute Meth.

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
See attachment.

### DEFENDANT - U.S.

▶ ANTONIO DURAN-PEREZ AND DANIEL DURAN-PEREZ

DISTRICT COURT NUMBER

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☑ Awaiting trial on other charges  } ☐ Fed'l  ☑ State

If answer to (6) is "Yes", show name of institution
Santa Rita County Jail

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

## PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM: **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): James C. Mann, AUSA

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: NO BAIL.

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

## ATTACHMENT TO PENALTY SHEET FOR ANTONIO DURAN-PEREZ AND DANIEL DURAN-PEREZ

21 U.S.C. § 841(a)(1), Possession With Intent To Distribute A Schedule II Controlled Substance (Methamphetamine).

*Depending upon the weight and/or purity of the methamphetamine and whether an 851 Information alleging prior felony narcotics conviction is filed*:

(1) Imprisonment:    Possible Maximum Life Imprisonment
                     Possible Mandatory Minimum 5, 10, or 20 Years Imprisonment
(2) Fine:            Possible Maximum $8,000,000
(3) Supervised Release: Possible Maximum Lifetime
                     Possible Mandatory Minimum 4, 5, 8, or 10-Years
(4) Special Assessment: $100.00

21 U.S.C. §§ 841(a)(1) and 846, Conspiracy To Possess With Intent To Distribute And To Distribute A Schedule II Controlled Substance (Methamphetamine).

*Depending upon the weight and/or purity of the methamphetamine and whether an 851 Information alleging prior felony narcotics conviction is filed*:

(1) Imprisonment:    Possible Maximum Life Imprisonment
                     Possible Mandatory Minimum 5, 10, or 20 Years Imprisonment
(2) Fine:            Possible Maximum $8,000,000
(3) Supervised Release: Possible Maximum Lifetime
                     Possible Mandatory Minimum 4, 5, 8, or 10-Years
(4) Special Assessment: $100.00